## KERMIT ELLISON *v.* COMMISSIONER OF CORRECTION
## (AC 28291)

Flynn, C. J., and DiPentima and Pellegrino, Js.

Argued March 13—officially released June 24, 2008

*Mary H. Trainer*, special public defender, for the appellant (petitioner).

*Michele C. Lukban*, senior assistant state's attorney, with whom, on the brief, were *Matthew C. Gedansky*, state's attorney, and *Elizabeth C. Leaming*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

DiPENTIMA, J. The petitioner, Kermit Ellison, appeals following the denial of his petition, filed pursuant to General Statutes § 52-470 (b),[1] for certification

---

[1] General Statutes § 52-470 (b) provides: "No appeal from the judgment rendered in a habeas corpus proceeding brought by or on behalf of a person who has been convicted of a crime in order to obtain such person's release may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or, if such judge is unavailable, a judge of the Superior Court designated by the Chief Court Administrator, to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."

to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court abused its discretion in denying the petition for certification to appeal. We dismiss the petitioner's appeal.

The facts underlying the petitioner's conviction are set forth in this court's opinion following the petitioner's direct appeal; see *State* v. *Ellison*, 79 Conn. App. 591, 594–97, 830 A.2d 812, cert. denied, 267 Conn. 901, 838 A.2d 211 (2003); and may be summarized as follows. On January 4, 1999, the petitioner and two other men brought three minor girls to a motel in Vernon where the petitioner forced two of the girls to engage in sexual intercourse with him. Id. The following morning, as the three minor girls watched, the petitioner participated in a brutal assault on the brother of one of the minor girls. Id.

On October 26, 2000, the petitioner was found guilty by the jury of two counts of conspiracy to commit risk of injury to a child in violation of General Statutes § 53a-48 and General Statutes (Rev. to 1999) § 53-21 (1), two counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1), three counts of sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (1) and two counts of risk of injury to a child by impairing the morals of a child in violation of General Statutes (Rev. to 1999) § 53-21 (2). *State* v. *Ellison*, supra, 79 Conn. App. 593–94. At the trial, the victims testified as to the details of the incidents and the identities of persons to whom they had reported the incidents. Id., 605. Following the victims' testimony, the court admitted the testimony of four other witnesses, under the constancy of accusation doctrine, as set forth by our Supreme Court in *State* v. *Troupe*, 237 Conn. 284, 304–305, 677 A.2d 917 (1996) (en banc). *State* v. *Ellison*, supra, 605–10.

On direct appeal, the petitioner's attorney, Darcy McGraw, raised, inter alia, an evidentiary claim that the constancy testimony went beyond what is permitted by the rule enunciated in *Troupe*. Id., 604. After filing her initial brief, McGraw attempted to supplement her evidentiary claim, by way of a motion to amend her statement of issues, with an argument that the constancy testimony had violated the petitioner's right to confrontation under the sixth amendment to the United States constitution. This court denied McGraw's motion and, subsequently, affirmed the judgment of the trial court.

On February 15, 2006, the petitioner filed an amended petition for a writ of habeas corpus, alleging that McGraw had rendered ineffective assistance on direct appeal by failing to include in her initial brief to this court her constitutional argument that the constancy testimony had violated his sixth amendment right to confrontation. In a memorandum of decision filed October 2, 2006, the habeas court denied the petition. In its memorandum of decision, the court noted that the federal constitutional issue that McGraw had failed to raise would have been decided adversely to the petitioner on the basis of our Supreme Court's decision in *State* v. *Samuels*, 273 Conn. 541, 871 A.2d 1005 (2005). Accordingly, the court denied the petition, concluding that the petitioner had failed to demonstrate that McGraw's alleged ineffectiveness had prejudiced him. The court subsequently denied the petition for certification to appeal. This appeal followed.

On appeal, the petitioner claims that the court improperly relied on *Samuels* in addressing his claim that at his criminal trial, the victims were not subject to full and effective cross-examination, in violation of his sixth amendment right to confrontation. In essence, he claims that the trial court improperly permitted the constancy witnesses to testify as to the details of the sexual assaults in violation of the rule set forth in

*Troupe*[2] and, to the extent that they did, their hearsay testimony violated his right to confrontation because he was not permitted an opportunity to cross-examine the victims on those hearsay statements. We find no merit in the petitioner's claim.

Our standard of review for the petitioner's claim is well settled. "Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . We

---

[2] In *Troupe*, the Supreme Court held that "a person to whom a sexual assault victim has reported the assault may testify only with respect to the fact and timing of the victim's complaint; any testimony by the witness regarding the details surrounding the assault must be strictly limited to those necessary to associate the victim's complaint with the pending charge, including, for example, the time and place of the attack or the identity of the alleged perpetrator. . . . [S]uch evidence is admissible only to corroborate the victim's testimony and not for substantive purposes. Before the evidence may be admitted, therefore, the victim must first have testified concerning the facts of the sexual assault and the identity of the person or persons to whom the incident was reported. In determining whether to permit such testimony, the trial court must balance the probative value of the evidence against any prejudice to the defendant." *State* v. *Troupe*, supra, 237 Conn. 304–305.

examine the petitioner's underlying claim of ineffective assistance of counsel in order to determine whether the habeas court abused its discretion in denying the petition for certification to appeal. . . . In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . .

"In *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court enunciated the two requirements that must be met before a petitioner is entitled to reversal of a conviction due to ineffective assistance of counsel. First, the [petitioner] must show that counsel's performance was deficient. . . . Second, the [petitioner] must show that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversarial process that renders the result unreliable." (Internal quotation marks omitted.) *Bowens* v. *Commissioner of Correction*, 104 Conn. App. 738, 740–41, 936 A.2d 653 (2007), cert. denied, 286 Conn. 905, 944 A.2d 978 (2008). "[The habeas] court can find against a petitioner on either ground, whichever is easier." (Internal quotation marks omitted.) *Rivera* v. *Commissioner of Correction*, 70 Conn. App. 452, 456, 800 A.2d 1194, cert. denied, 261 Conn. 921, 806 A.2d 1061 (2002).

We focus our analysis on the second prong of *Strickland* because the habeas court denied the petitioner's claim on the ground that the alleged deficient performance of McGraw resulted in no prejudice to him. "The second part of the *Strickland* analysis requires more than a showing that the errors made by counsel may have had some effect on the outcome of the proceeding.

. . . Rather, [the petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Langston* v. *Commissioner of Correction*, 104 Conn. App. 210, 214, 931 A.2d 967, cert. denied, 284 Conn. 941, 937 A.2d 697 (2007).

"To satisfy the prejudice prong, a petitioner must, thus, establish that, as a result of appellate counsel's deficient performance, there remains a probability sufficient to undermine confidence in the verdict that resulted in his appeal. Put another way, he must establish that, because of the failure of his appellate counsel to raise a [particular] claim, there is a reasonable probability that he remains burdened by an unreliable determination of his guilt. . . . In order to prevail on a claim of ineffective assistance of appellate counsel, therefore, a habeas petitioner must show not only that his appeal would have been sustained but for counsel's deficient performance, but also that there is a reasonable probability that the trial verdict would have been different." (Citation omitted; internal quotation marks omitted.) *Vivo* v. *Commissioner of Correction*, 90 Conn. App. 167, 173, 876 A.2d 1216, cert. denied, 275 Conn. 925, 883 A.2d 1253 (2005).

The petitioner has failed to persuade this court, as he failed to persuade the habeas court, that he suffered any prejudice from McGraw's omission of his constitutional claim on direct appeal. The petitioner does not dispute that the victims in this case testified and were subject to cross-examination. Instead, he intimates that the constancy of accusation witnesses were permitted to give improper hearsay testimony as to the details of the assaults, which exceeded the permissible scope of such testimony as delineated in *Troupe* and, as a result, the cross-examinations of the victims were rendered incomplete and ineffective.

To the extent that he claims that the constancy testimony exceeded the limitations of *Troupe*, the petitioner's claim is nothing more than an attempt at a second bite of the apple. This court disposed of that argument on the petitioner's direct appeal. See *State* v. *Ellison*, supra, 79 Conn. App. 610. The petitioner cannot resurrect his failed evidentiary claim by garbing it in a constitutional disguise. See *Henderson* v. *Commissioner of Correction*, 104 Conn. App. 557, 569, 935 A.2d 162 (2007) ("[t]his court strongly disfavor[s] collateral attacks upon judgments because such belated litigation undermines the important principle of finality" [internal quotation marks omitted]), cert. denied, 285 Conn. 911, 943 A.2d 470 (2008).

Given that the constancy testimony fell squarely within the parameters of *Troupe*, we conclude that the habeas court properly relied on *Samuels* as the basis for denying the petition for a writ of habeas corpus. In *Samuels*, our Supreme Court reiterated *Troupe*'s holding that "[b]ecause constancy of accusation evidence is not admissible unless the victim has testified, and is subject to cross-examination . . . concerning the crime and the identity of the person or persons to whom the victim has reported the crime," the constancy of accusation doctrine does not violate the sixth amendment. (Internal quotation marks omitted.) *State* v. *Samuels*, supra, 273 Conn. 569. Accordingly, the habeas court properly found that McGraw's omission of the petitioner's sixth amendment claim on direct appeal did not prejudice the petitioner because, on the basis of the holding in *Samuels*, the outcome of his direct appeal would have been the same. Because no reasonable jurist could have concluded otherwise, the habeas court did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.